**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2452
FACSIMILE 714-668-2490

Sean P. Flynn (State Bar No. 220184)
*s.flynn@mpglaw.com@mpglaw.com*

Attorneys for RECEIVABLES PERFORMANCE
MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McDOLE,<br><br>            Plaintiff,<br><br>      vs.<br><br>RECEIVABLES PERFORMANCE<br>MANAGEMENT, LLC<br><br>            Defendant. | CASE No. 11-CV-1113 MMA JMA<br><br>**NOTICE OF MOTION AND MOTION TO CHANGE VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    September 7, 2011<br>Time:   2:30 p.m.<br>Crtrm.: 5<br><br>District Judge:      Michael M. Anello<br>Magistrate Judge:   Jan M. Adler |

**TO PLAINTIFF McDOLE AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT ON** September 7, 2011 or as soon

thereafter as the matter may be heard in Courtroom 5 located at 880 Front Street,

Suite 4290 San Diego, CA 92101-8900 Defendant will and hereby does move

pursuant to Federal Rules of Civil Procedure 12(b)(3) for an order transferring this

action to the Central District of California, Eastern Division for convenience of

parties and witnesses under 28 U.S.C. § 1404(a).

/ / /

1     This Motion is based on this Notice of Motion and the Memorandum of

2  Points and Authorities filed and served herewith, and upon the papers, records, and

3  pleadings filed herein.

4

5  DATED: July 19, 2011          MUSICK, PEELER & GARRETT LLP

6

7

8                               By:      s/ Sean P. Flynn
                                      Sean P. Flynn
9                                     Attorneys for RECEIVABLES
                                      PERFORMANCE MANAGEMENT, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

746441.1                                2                     11-CV-1113 MMA JAM
NOTICE OF MOTION AND MOTION TO CHANGE VENUE; MEMORANDUM OF POINTS AND
                                                                  AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  Introduction

Defendant Receivables Performance Management, LLC ("Defendant" or "RPM") hereby moves the Court for an order transferring this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).  This Motion is brought on the grounds that (1) litigating this action in the Southern District of California would cause undue inconvenience to potential witnesses due the fact that all alleged facts pertaining to this action occurred in Riverside County and thus, any potential witnesses reside in Riverside – not San Diego County, (2) Plaintiff is not now, nor is he alleged to have ever been, a resident of the Southern District of California, (3) Plaintiff has not alleged that any of the events giving rise to the action took place in the Southern District of California, and (4) RPM is informed and believes that Plaintiff's sole reason for litigating this action in the Southern District of California is that his current attorney has offices in San Diego, California and frequently brings matters in the Southern District.  RPM therefore requests that the Court grant its Motion and transfer this action to the United States District Court for the Central District of California.

### 2.  Statement of Relevant Facts

McDole filed this action in the United States District Court for the Southern District of California on June 13, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").  On the Civil Case Cover Sheet filed concurrently with the Complaint, McDole admits he is a citizen of Riverside County.  (Docket 1, Civil Case Cover Sheet, page 9.)  RPM is a limited liability company whose primary place of business is Washington state.  (Docket 1, Civil Case Cover Sheet, page 9).  McDole has not alleged that any of the events underlying his claims took place in the Southern District of California or made any other averments in support of the Southern District being the proper forum (See generally, Docket #1).  Rather,

McDole has made a general statement that the parties reside in California, and the events complained of also took place in California (Docket 1, ¶¶ 6, 11 and 12). McDole retained the law firm Hyde & Swigart, a law firm with offices in both San Diego and Riverside, among others, to represent him in this matter.  Because they frequently litigate in San Diego, Hyde & Swigart filed suit in the United States District Court Southern District of California.  RPM believes that the Central District is the better forum to litigate this action since McDole is a resident of Riverside and all of the facts alleged to have given rise to this action occurred between McDole in Riverside and  RPM in Washington.  Moreover, Plaintiff's counsel has an office in Riverside.

For the conveniences of the witnesses and parties, and in the interest of judicial economy and justice, RPM requests that this Court grant this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) the Central District of California, Eastern Division.

### 3.   <u>Legal Standard</u>

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "[T]he district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"  <u>Jones v. GNC Franchising</u>, 211 F.3d 495, 498 (9th Cir. 2000).

If the proposed alternative forum is appropriate, it is within the Court's discretion to transfer the action.  <u>Jumara v. State Farm. Ins. Co.</u>, 55 F.3d 873, 883 (3rd Cir. 1995).  In determining whether to grant a convenience transfer, the courts look at several factors.  Private factors include:  "[1] relative ease of access to sources of proof; [2] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling witnesses; . . . and [3] all other practical problems that make trial of a case easy, expeditious and inexpensive."

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

746441.1                                    4                          11-CV-1113 MMA JAM
NOTICE OF MOTION AND MOTION TO CHANGE VENUE; MEMORANDUM OF POINTS AND
AUTHORITIES

1  Decker Coal Company v. Commonwealth Edison Company, 805 F.2d 834, at 843
2  (1986) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).  Public factors
3  include:  "[1] the administrative difficulties flowing from court congestion; [2] the
4  'local interest in having localized controversies decided at home;' . . . and [3] the
5  unfairness of burdening citizens in an unrelated forum with jury duty."  Decker,
6  supra, 805 F.2d at 843 (citing Piper Aircraft, 454 U.S. 235, at 241 (1981).

7        Courts do not consider convenience of counsel as a relevant consideration in
8  determining proper venue.  Soloman v. Continental American Life. Ins. Co.  472
9  F.2d 1043, 1047 (3rd Cir. 1973); In re: Horseshoe Entertainment, 337 F.3d 429, 434
10 (5th Cir. 2003).

11       While Plaintiff's choice of forum is a consideration, it "is not the final word."
12 Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).  "A
13 plaintiff's choice of forum is normally only given substantial deference if the
14 plaintiff is a resident of the district in which the action is brought.  Otherwise, this
15 bears little on significance on determining whether to grant a discretionary transfer."
16 Blade v. Ebrands Commerce Group, 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002)
17 (emphasis added).  In determining the weight to be given to Plaintiff's choice of
18 forum, "consideration must be given to the extent both of Defendant's business
19 contacts with the chosen forum and of the Plaintiff's contacts, including those
20 relating to his cause of action.  If the operative facts have not occurred within the
21 forum of original selection and that forum has no particular interest in the parties or
22 subject matter, "the plaintiff's choice is entitled to only minimal consideration."  Id.
23 (emphasis added).

24 **4.    Argument**

25       4.1    The Central District Court of California is an Appropriate Venue

26       Where venue is proper, a federal district court may nevertheless transfer the
27 case pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and
28 witnesses and in the interests of judicial economy and justice.  Transfer under

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

746441.1                                    5                        11-CV-1113 MMA JAM
NOTICE OF MOTION AND MOTION TO CHANGE VENUE; MEMORANDUM OF POINTS AND
AUTHORITIES

1   section 1404(a) is limited to courts where the action "might have been brought."   28

2   U.S.C. § 1404(a); see also Hoffman v. Blaski, 363 U.S. 335, 344 (1960); A.J.

3   Industries, Inc. v. United States Dist. Ct. For the Cent. Dist. of Cal., 503 F.2d 384,

4   386 (9th Cir. 1974).  The transferee court must have had complete personal

5   jurisdiction over Defendants, subject matter jurisdiction over the claim, and proper

6   venue had the claim originally been brought in that court.  Hoffman, supra, 363 U.S.

7   at 343-44.

8        McDole is a resident of Riverside County.  (Docket 1, Civil Case Cover

9   Sheet, page 9).  He has not alleged that any of the events giving rise to this action

10   arose in the Southern District of California.  Given McDole's residence in Riverside,

11   all of RPM's contacts with him concerning his unpaid debt occurred in the Central

12   District – not the Southern District of California.  Therefore, the Central District of

13   California is the court where this case should have been brought.

14        An examination of the relevant factors reveal that the U.S. District Court

15   Central District of California is the more convenient and just venue.

16        4.2     Plaintiff's Choice of Forum Should Be Given Minimal Consideration

17        While the Plaintiff's choice of forum is typically given significant weight in

18   deciding whether to grant a motion to change venue, where the Plaintiff's choice of

19   forum lacks any significant contact with the activities alleged in the complaint, the

20   Plaintiff's choice of forum will be given considerably less weight).  The rationale

21   behind this is that there is less reason to assume convenience and an increased risk

22   of forum shopping by the Plaintiff.  In re: Apple, Inc., 602 F.3d 909, 913 (8th Cir.

23   2010).

24        Here, Plaintiff is a resident of Riverside County.  All of the facts alleged in

25   the complaint took place between McDole, in Riverside and RPM in Washington.

26   Therefore, because the Southern District of California appears to have no connection

27   with the underlying dispute between McDole in Riverside, and RPM in Washington,

28   this Court should transfer this action to the Central District of California.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

746441.1                          6                    11-CV-1113 MMA JAM
NOTICE OF MOTION AND MOTION TO CHANGE VENUE; MEMORANDUM OF POINTS AND
AUTHORITIES

4.3    <u>Convenience of Plaintiff's Counsel is Not A Relevant Factor</u>

The only apparent connection between this litigation and the Southern District is that McDole's counsel has an office there.  Convenience of counsel is not a relevant factor in selecting venue.  <u>Soloman v. Continental American Life. Ins. Co.</u> supra at 1047; <u>In re</u>: <u>Horseshoe Entertaiment</u>, <u>supra</u>, at 434.   Thus, the Defendant's preference to transfer to Plaintiff's home forum – where the bulk of evidence and witnesses are likely to be – should be granted.

4.4    <u>Convenience of Witnesses Favors Transfer to Riverside</u>

Perhaps the most important factor courts look to when deciding transfer of venue is the convenience of the witnesses.  <u>A.J. Industries, Inc. v. United Stated</u> <u>Dist. Ct.</u>, <u>supra</u>, 503 F.2d at 389.  In addition to the number of witnesses located in the respective districts, the court will also evaluate the nature and quality of their testimony in relation to the issues of the case.  <u>Brandon Apparel, Inc. v. Quitman</u> <u>Mfg. Co. Inc.</u>, 42 F.Supp.2d 821, 834 (N.D.Il. 1999).  Further, the "100-mile rule," states that when the distance between the existing venue and the proposed venue is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the distance to be traveled.  <u>In re: Genentech, Inc.</u> 566 F.3d 1338, (Fed. Cir. Tex. 2009).

With McDole living in Riverside, all contacts between McDole and RPM presumably took place in Riverside County, or between Washington and Riverside.  Thus, it stands to reason that all potential witnesses will be in Riverside County.  There is no reason why forcing them to travel to San Diego is necessary or convenient.  Further, the distance between Riverside County and San Diego County is over 100 miles, thus, favoring transfer to the district that is most convenient for the witnesses.  As such, convenience of the witnesses weighs heavily in favor of transferring to the Central District of California, Eastern Division.

4.5    <u>Convenience of Parties Favors Transfer to Riverside</u>

Another important factor considered in deciding whether to transfer venue is

1   the convenience of the parties.  28 U.S.C. § 1404(a).

2       Here, McDole is a citizen of Riverside County.  (Docket 1, Civil Case Cover

3   Sheet, page 9).  The alleged conduct giving rise to the action appears to have

4   occurred in Riverside County.  RPM is a limited liability company located in

5   Washington.  (Docket 1, Civil Case Cover Sheet, page 9) Neither McDole, nor RPM

6   appear to have any ties to San Diego County relative to the allegations in the

7   Complaint.  It is doubtful that this District is more convenient to McDole than the

8   District in which he resides.  In fact, all pre-trial preparation, appearance at

9   depositions, settlement conferences, and the trial of this matter will require McDole

10  to travel over 100 miles from Riverside to San Diego.  Plaintiff's counsel's location

11  in San Diego County appears to be why this case was filed in the Southern District.

12  Thus, there is little sense for the trial to be in San Diego, and transfer should be

13  granted.

14      4.6    Judicial Economy

15      Finally, courts also look to concerns of the court, [1] the administrative

16  difficulties flowing from court congestion; [2] the 'local interest in having localized

17  controversies decided at home;' . . . and [3] the unfairness of burdening citizens in

18  an unrelated forum with jury duty." Decker, supra, 805 F.2d at 843 (citing Piper

19  Aircraft, supra, 454 U.S. at 241)

20      4.6.1  Local Interest in Controversy

21      Another important consideration is the "local interest in having local

22  controversies decided at home." Decker, supra, at 843.  This action seeks to resolve

23  a dispute between Plaintiff, a citizen of Riverside County, on the one hand, and,

24  RPM, on the other hand, with its principal place of business in Washington.  The

25  Southern District of California appears to have no relation to this dispute whereas

26  the Central District appears to have an interest in resolving the disputes of its

27  citizens.  A court sitting in the district where the injury occurred and where the

28  evidence is located ordinarily will be the most effective forum. Raffaele v.

1  <u>Campagnie General Maritime</u> 707 F.2d 395, 399 (9th Cir. 1983). Given that most of

2  the documentary evidence, witnesses and actions at issue in this case are, or

3  occurred in the Central District, that District has a greater local interest in the

4  controversy at issue than does the Southern District of California."

5      4.6.2  Unfair Burden on Citizens of the Central District of California

6      Finally, allowing this action to remain in the Southern District of California

7  would place an unfair burden on the citizens of San Diego County who would be

8  required to serve as jurors in the trial of this action.  <u>Decker</u>, <u>supra</u>,, 805 F.2d at 843.

9  As discussed above, the Southern District of California has no relation to or interest

10 in the events giving rise to this action.  Therefore, the Southern District of

11 California's citizens have no particular interest in resolving this action in their

12 courts, or in taking time out of their lives to adjudicate the dispute of a foreign

13 Plaintiff and a foreign Defendant.

14 **5.**     **Conclusion**

15     In light of the forgoing, Defendant RPM requests that this action be

16 transferred to Plaintiff's home forum, the United States District Court for the

17 Central District of California, Eastern Division, pursuant to 28 U.S.C. §1404(a).

18

19 DATED: July 19, 2011                 MUSICK, PEELER & GARRETT LLP

20

21

22                            By: _____*s/ Sean P. Flynn*_____

23                                Sean P. Flynn
                                   Attorneys for RECEIVABLES
24                                PERFORMANCE
                                   MANAGEMENT, LLC
25

26

27

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

746441.1                            9                      11-CV-1113 MMA JAM